IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PALSATA TRUST, | ) | |
| | ) | |
| Debtor/Appellant, | ) | |
| | ) | Civil Action No. 1:21-cv-376 (RDA/IDD) |
| v. | ) | Bankruptcy Case No. 21-10157-KHK |
| | ) | |
| JOHN P. FITZGERALD, III, | ) | |
| | ) | |
| Acting Trustee/Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Appellant Palsata Trust's ("Appellant") appeal of the United States Bankruptcy Court for the Eastern District of Virginia's ("Bankruptcy Court") order dismissing its Chapter 7 bankruptcy action and imposing a refiling bar.  The Court dispenses with oral argument because it would not aid in the decisional process.  Fed. R. Civ. P. 78; E.D. Va. Loc. Civ. R. 7(J).  The Court has reviewed the record, Appellant's opening brief (Dkt. 6), Appellee John P. Fitzgerald, III, the Acting United States Trustee's ("Appellee") brief (Dkt. 8), and Appellant's reply brief (Dkt. 10).  Having considered the issues presented in this appeal, the Court affirms the judgment of the Bankruptcy Court for the reasons that follow.

I. BACKGROUND

The trustee of the Appellant Palsata Trust is Palwinder Singh, who signed and filed all of the documents on behalf of Palsata Trust in its bankruptcy case.  Dkt. 8-1 at 12.  Palsata Trust owns property in Great Falls, Virginia (the "Property").  *Id.* at 93.  The Property is also the mailing address provided to the bankruptcy court for service upon Palsata Trust.  *Id.* at 9.  Palsata Trust acquired the Property in 2015 from Singh as a "gift" for no consideration.  *Id.* at 30-31.  In addition to Palsata Trust's case, since 2010 Mr. Singh has filed eight bankruptcy cases in his own name.

All but one were dismissed without completion.  The last three of these cases were dismissed with bars to refiling.

Although Singh suggested he had transferred the Property to Palsata Trust in 2015, he has continued to claim he owns the Property in three separate bankruptcy cases, each of which were brought after that transfer.  *See* Case No. 17-12173 (Bankr. E.D. Va.) (Dkt. 22 at 3; Dkt. 99 at 13); Case No. 18-14050 (Bankr. E.D. Va.) (Dkt. 29 at 3; Dkt. 31 at 1); No. 20-10424 (Bankr. E.D. Va.) (Dkt. 25 at 3; Dkt. 33 at 2).  Each of these bankruptcy petitions have sought to stop foreclosure actions against the Property.  In the most recent case involving Mr. Singh, the Bankruptcy Court found that Mr. Singh filed the case in bad faith and barred him from refiling for one year.  *See* Case No. 20-10424, Dkt. 33.  Both this Court and the Fourth Circuit affirmed.  *See Singh v. Fitzgerald*, No. 1:20-cv-327, 2020 WL 6268538, at *1 (E.D. Va. Sept. 23, 2020), *aff'd*, No. 20-2143, 2021 WL 2070372 (4th Cir. May 24, 2021).  That one-year refiling bar expired on March 12, 2021.

While the refiling bar from his most recent case was pending, Singh filed this case on behalf of Palsata Trust.  Dkt. 8-1 at 9.  Appellee filed a motion to dismiss the case seeking a two-year bar to refiling against both the Palsata Trust and Singh.  *Id.* at 38-60, 61-85.

Like the Motion to Dismiss, the Hearing Notice was mailed to both Palsata Trust and Singh at the Property.  *Id.* at 88.  The next day, on February 11, 2019, the bankruptcy court mailed a notice to Palsata Trust, at the Property's address, containing the procedures for the hearing on the Motion to Dismiss. *Id.* at 89-90.  Neither Singh nor Palsata Trust responded to the Motion to Dismiss.  Instead, five days before the hearing, Palsata Trust filed its own voluntary motion to dismiss the case.  *Id.* at 117.  Singh signed the motion on behalf of Palsata Trust and again identified the Property as the Palsata Trust's only address.  *Id.* at 119.

Neither Singh nor any other representative of Palsata Trust appeared at the hearing on the Motion to Dismiss. *Id.* at 135. After the hearing, the bankruptcy court granted Appellee's motion, dismissed the case, and imposed a two-year bar to refiling upon both Palsata Trust and Singh individually. *Id.* at 133, 145. In support of the dismissal, the Bankruptcy Court held (1) that Palsata Trust was ineligible to be a debtor under the Bankruptcy Code, (2) that Palsata Trust was Singh's alter-ego, and (3) that Singh filed Palsata Trust's case was a bad-faith attempt to avoid the pending prohibition against his filing and to "frustrate the rights of his creditors by abusing the bankruptcy system." *Id.* at 140-44.

With respect to the refiling bar, the Bankruptcy Court held that Singh had deceived the court by previously claiming to own the Property despite its transfer to Palsata Trust. *Id.* at 144. Further, Singh made no attempt to explain the "gratuitous transfer" of the property and, thus, the bankruptcy court found as a fact that the transfer was "clearly made in an attempt to frustrate Singh's creditors by placing the Property beyond their reach." *Id.* 144-45. The court further noted Singh's three previous cases contained bars of 90 days, 180 days, and 1 year, respectively, and his unsuccessful appeals of each. *Id.* at 145. Thus, the court held that "when Singh filed the instant case on behalf of the Palsata Trust, he knowingly violated the bar to refiling issued in his previous personal bankruptcy." *Id.* Because "a bar to refiling against only the [Palsata Trust] would not serve to dissuade Singh from filing another bankruptcy shortly after this case's dismissal," the Bankruptcy Court entered a two-year bar against both Palsata Trust and Singh. *Id.*

Palsata Trust timely filed a notice of appeal, which does not list Singh as an appellant. *Id.* at 93.

## II. STANDARD OF REVIEW

"When reviewing a decision of the Bankruptcy Court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010) (citation omitted). Thus, the district court reviews questions of fact under the "clearly erroneous" standard. *Id.* "The clear error standard requires 'a reviewing court [to] ask whether on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citations omitted)). Legal conclusions are reviewed *de novo*. *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). In cases where the issues present mixed questions of law and fact, the Court employs "a hybrid standard, applying to the factual portion of each inquiry the same standard applied to questions of pure fact and examining *de novo* the legal conclusions derived from those facts." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996) (internal citation omitted). Decisions committed to the bankruptcy court's discretion are reviewed for abuse of discretion. *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

## III. ANALYSIS

The issue on appeal is Appellant Palsata Trust's contention that the Bankruptcy Court abused its discretion in dismissing this case and barring Palsata Trust from filing any additional bankruptcies for two years.

### A. Whether Palsata Trust is a Business Trust

Though there are many type of trusts, only a "business trust" can qualify as a chapter 7 debtor. 11 U.S.C. §§ 109(b), 101(41), 101(9)(A). A non-business trust, however, falls under the

bankruptcy code's definition of "entities."  11 U.S.C. § 101(15); *see also* 2 Collier on Bankruptcy ¶ 109.03 (16th ed. 2021) ("Certain entities that are not included in the definition of 'person,' such as . . . trusts, are also ineligible to file under chapter 7.").  After Appellee made its prima facie case that Palsata Trust was not a business trust, Dkt. 8-1 at 139, the burden then shifted to Palsata Trust to prove its eligibility as a chapter 7 debtor.  *In re Cath. Sch. Emps. Pension Tr.*, 599 B.R. 634, 653 (B.A.P. 1st Cir. 2019).  The Bankruptcy Court found that Palsata Trust was not a business trust and was therefore ineligible to enter chapter 7 bankruptcy.

This Court now reviews that factual finding using a clear error standard.  Courts have developed a number of tests to determine whether a trust is a business trust.  The Eastern District of Virginia has relied on an eight-factor test ("*Williams* factors"):

> (1) whether the trust instrument's language indicates that the trust was intended to be a business trust; (2) whether the trust was created to transact business for the benefit of investors; (3) whether the beneficiaries have significant management and control of the trust and whether the trustee-beneficiary relationship resembles that of agent-principal; (4) whether there is any evidence of any attempt to comply with the state law recording requirements for business trusts; (5) whether the trust had any employees or business office; (6) whether the initial funding of the trust was by a conveyance of real property or by a pooling of assets by investors or beneficiaries or by selling shares; (7) whether the trust was created for the purpose of winding up the affairs of a predecessor business; and (8) whether the trust appears to be a land trust.

*In re Mortg. Banking Tr.*, No. 08-17864, 2008 WL 3126186, at *7 (Bankr. D. Md. July 23, 2008) (citing *Williams v. Equity Holding Corp.*, 498 F.Supp.2d 831, 846 (E.D. Va. 2007)).  Other courts follow the Sixth Circuit's "primary purpose" test outlined in *In re Kenneth Allen Knight Tr.*, 303 F.3d 671, 680 (6th Cir. 2002), which states a business trust is one "created with the primary purpose of transacting business or carrying on commercial activity for the benefit of investors," whereas a trust "designed merely to preserve the trust *res* for beneficiaries" is typically not a business trust.  Still other courts have adopted somewhat of a hybrid test containing two

predominant elements.  "The first is whether the trust was created for the purpose of transacting business for a profit (as opposed to merely preserving a *res* for beneficiaries).  The second is whether the trust has all of the indicia of a corporate entity."  *In re Dille Family Tr.*, 598 B.R. 179, 194 (Bankr. W.D. Pa. 2019).  If a trust lacks either of these two features, "then the trust is not a 'business trust' and is ineligible for bankruptcy relief."  *Id.*

Palsata Trust does not qualify as a business trust under any of these tests.  First looking to the *Williams* factors, 498 F. Supp. at 846, the record reflects that Palsata Trust has no history of transacting business for investors' benefit nor any evidence of its efforts to comply with the state law recording requirements for business trusts.  In fact, it appears that Palsata Trust conducts no business whatsoever, as it does not generate any income, maintains no bank accounts, has no employees, does not report a federal tax Employee Identification Number, pays no taxes, and pays no salaries or compensation to any person.  Dkt. 8-1 at 9-10, 15, 22, 25-26, 93.  Palsata Trust also has no officers, directors, managing members, or general partners persons.  *Id.* at 27.  Moreover, the record shows that Palsata Trust owns a single parcel of residential property that it received for no consideration, which further cuts against a finding under the eighth *Williams* factor that it qualifies as a business trust.  Similarly, under the primary purpose test, the central aim of Palsata Trust was *not* to transact business or carry out commercial activity for investors' benefit.  *See Kenneth Allen Tr.*, 303 F.3d at 680, 303 F.3d 671, 680 (6th Cir. 2002).  Rather, the record evidence and factual conclusions reached by the Bankruptcy Court support the conclusion that Palsata Trust functioned as Singh's alter ego meant to shield assets against Singh's creditors.  Finally, Palsata Trust appears to have been created not for business profit but to preserve a *res* for beneficiaries; it also bears virtually none "of the indicia of a corporate entity."  *In re Dille Family Tr.*, 598 B.R. at 194.

Because Palsata Trust was not a business trust under the bankruptcy code, the Bankruptcy Court did not clearly err in concluding that Palsata Trust had not carried its burden of showing its eligibility to be a chapter 7 debtor.

## B. Whether this Bankruptcy was Brought in Bad Faith

A bankruptcy petition filed in bad faith merits dismissal under 11 U.S.C. § 707(a).  *Janvey v. Romero*, 883 F.3d 406, 412 (4th Cir. 2018).  Designed to limit disingenuous bankruptcy filings, this standard is "the most helpful in preventing serious abuses of the bankruptcy process."  *Id.*

Although multiple bankruptcy filings do not inevitably lead to a finding of bad faith, a debtor's history of filings and dismissals may evidence bad faith.  *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 941-42 (4th Cir. 1997) (affirming a bankruptcy court's dismissal of a serial bankruptcy filer's sixth bankruptcy case on bad faith grounds with prejudice, imposing a 180-day refiling bar); *In re LeGree*, 285 B.R. 615, 618 (Bankr. E.D. Pa. 2002) ("Serial filing should also be weighed in considering the totality of circumstances.  A history of serial filings and dismissal can be evidence of bad faith.").

In assessing whether a debtor has initiated a bankruptcy proceeding in bad faith, "[t]he determination of subjective bad faith is based on a totality of the circumstances, any conceivable list of factors is not exhaustive, and there is no single factor necessary to find bad faith."  *Leitner-Wise v. Robbins*, No. 17-cv-130, 2017 WL 3497838, at *3 (E.D. Va. Aug. 14, 2017).  To inform this inquiry courts look to a variety of factors, including:

> (1) the length of time between the prior cases and the present one;
> (2) whether the successive cases were filed to obtain favorable treatment afforded by the automatic stay;
> (3) the effort made to comply with prior case plans;
> (4) the fact that Congress intended the debtor to achieve its goals in a single case; and
> (5) any other facts the court finds relevant relating to the debtor's purposes in making successive filings.

7

*LeGree*, 285 B.R. at 619.   This Court begins by addressing the first factor—the time passed between a debtor's earlier bankruptcy filings and his latest case.   In *Askri v. Fitzgerald*, 612 B.R. 500, 503-04 (E.D. Va. 2020), this Court affirmed a finding by the bankruptcy judge that a debtor and his spouse brought a chapter 11 bankruptcy case in bad faith under that chapter's analogous dismissal provision.   The couple had filed six bankruptcies over a seven-year period, "four of which were filed within one week of a scheduled foreclosure sale of their property."  *Id.* at 504.

The record on appeal shows that Singh had filed *eigh*t bankruptcy cases since 2010 and has on multiple occasions filed bankruptcies to delay foreclosure proceedings.   Significantly, Palsata Trust and Singh brought this case while Singh was still subject to a filing bar.   Dkt. 8-1 at 9. Furthermore, each of the nine creditors Palsata Trust identified as holding claims against it are the same creditors that Singh identified in his earlier individual bankruptcy filing.  *Compare id.* at 81-82 *with* Case No. 20-10424 (Bankr. E.D. Va.).   And the Bankruptcy Court found that neither Singh nor anyone else acting on behalf of Palsata Trust attended a meeting of creditors that the bankruptcy code requires.   Dkt. 8-1 at 143 (citing 11 U.S.C. §§ 341, 343).   The Bankruptcy Court also addressed its prior ruling in Singh's individual bankruptcy case, where the court had dismissed the case after concluding it had been filed in "subjective bad faith" and was objectively futile. Here, the Bankruptcy Court found that there had been no change in circumstances since that prior decision, that this case was brought in bad faith, that Palsata Trust functioned as Singh's alter ego, and that the case was filed merely to avoid the refiling bar that bound Singh.   Dkt. 8-1 at 144.   On this record, this Court concludes that the Bankruptcy Court did not commit clear error in finding that Palsata Trust's chapter 7 case was brought in bad faith.

8

C. Whether the Two-Year Filing Bar was an Abuse of Discretion

Having concluded that the Bankruptcy Court appropriately found that Palsata Trust's bankruptcy petition was brought in bad faith, this Court next determines whether its chosen remedy, a two-year refiling bar imposed on both Palsata Trust, constitutes an abuse of discretion. The bankruptcy code in 11 U.S.C. § 349(a) confers discretion on bankruptcy courts to restrict a debtor's ability to file future cases.  *See In re Tomlin*, 105 F.3d at 938 (affirming dismissal of frequent bankruptcy filer's sixth bankruptcy case and upholding temporary refiling bar); *see also In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998) (noting that the discretion under § 349(a) "may be exercised either to prohibit the filing of a petition within a set time, or it may preclude the debtor from receiving a discharge in bankruptcy of debts in existence when the case is dismissed"). The Bankruptcy Court imposed a two-year refiling bar on both Singh and Palsata Trust, but only Palsata Trust appealed the decision below.  In considering the propriety of the refiling bar as to Palsata Trust, the Court also looks to Singh's actions.

As Palsata Trust's alter ego, Singh had previously filed multiple bankruptcy cases to forestall properly foreclosures.  Each of these cases were dismissed with refiling bars ranging from three months to one year.  *See* Case Nos. 17-12173 (180-day bar); Case 18-14050 (Bankr. E.D. Va.) (90-day bar); Case 20-10424 (1-year bar).  Undeterred, Singh brought yet another bankruptcy case through his alter ego, Palsata Trust, while he was still under a refiling bar.  In doing so, he "knowingly violated the bar to refiling issued in his previous personal bankruptcy."  Dkt. 8-1 at 145.  Because less restrictive refiling bars had already proved ineffective, the Bankruptcy Court elected to levy a two-year bar on Singh and Palsata Trust.  This remedy was reasonably tailored to the facts at hand, and this Court will not set it aside under the deferential abuse-of-discretion standard.

D. Whether there was Procedural Error

Palsata Trust raises a number of procedural objections to the Bankruptcy Court's resolution of its case: that it was never served with the motions to dismiss; that it never received a Roseboro notice; that the motion to dismiss was moot when granted; and that the Bankruptcy Court failed to inform Palsata Trust of its appeal rights.  The Court addresses each objection in turn.

1. Service of Motions to Dismiss

Palsata Trust argues that it never received the original or amended motions to dismiss at its Property, but this argument was not preserved for review because Palsata Trust did not raise it before the Bankruptcy Court—either in the first instance or through a motion to reconsider after the case was dismissed.  Consequently, this Court is powerless to entertain them now, as there are no exceptional circumstances warranting departure from that general rule.  *See, e.g.*, *In re Arnold*, 869 F.2d 240, 244 (4th Cir. 1989) (concluding that "neither [the debtor] nor his counsel raised any objection in the bankruptcy court to the point now sought to be raised, and that is fatal on appeal"); *In re Paschall*, 408 B.R. 79, 87 (E.D. Va. 2009) ("District courts will not review issues raised for the first time on appeal except under exceptional circumstances.").  As such, this Court will not consider Palsata Trust's service arguments.

2. *Roseboro* Notice

Palsata Trust also argues that it did not receive the notice that *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) requires to be provided to certain *pro se* litigants.  These notice arguments, however, are not supported by the record.  Indeed, Palsata Trust did in fact receive the required *Roseboro* notice.  At its record address Palsata Trust was provided a hearing notice, which stated a motion to dismiss had been filed, a hearing would take place on March 9, 2021 at 9:30 a.m., that Palsata Trust's rights may be affected by the motion and it was advised to consult with a lawyer, that Palsata Trust had the right to file a written response (along with specific instructions about

10

filing a response), and that failure to file a written response or attend the hearing may result in the Court deeming such failure as a waiver of opposition, conceding the motion, and grounds to "issue an order granting the requested relief without further notice or hearing."  Dkt. 8-1 at 86-88. Therefore, any rights to which Palsata Trust might be entitled under *Roseboro v. Garrison* were effectuated in this case.[1]

### 3. Mootness of Motion to Dismiss

Palsata Trust next argues that because it filed a motion to voluntarily dismiss its case before the Bankruptcy Court held a hearing on Appellee's motion to dismiss Palsata Trust's chapter 7 petition, the motion to dismiss was moot by the time the Court granted it.  This argument misreads the statutory authority governing such motions to dismiss.  Under 11 U.S.C. § 707(a), a bankruptcy court "may dismiss a case under this chapter only after notice and a hearing and only for cause . . . . ".  The fact that a motion to dismiss is filed, even if it is a voluntary motion brought by the party who initiated the case, does not obligate dismissal.  The court must still hold a hearing and require the movant to show cause.  *See* 11 U.S.C. § 707(a); *see also Schwartz v. Geltzer (In re Smith)*, 507 F.3d 64, 72 (2d Cir. 2007).[2]  This Court finds that Appellee's motion to dismiss was not moot and that it was therefore properly before the Bankruptcy Court.

---

[1] This Court has found no binding authority requiring a *pro se* litigant answering a motion to dismiss in a bankruptcy case to be served with a *Roseboro* notice.  Consequently, Palsata Trust cannot show it was deprived this procedural right even if it could show Appellee never served the hearing notice that is contained in the record.

[2] In addition, Palsata Trust's voluntary motion did not seek a refiling bar, but Appellee's motion to dismiss did.  This means, at the very least, that the relief Appellee's motion sought could not have been mooted by Palsata Trust's motion to voluntarily dismiss its bankruptcy petition.

4. Notice of Right to Appeal

Palsata Trust also contends that the Bankruptcy Court did not provide any notice that it had

fourteen days to appeal the court's ruling after its dismissal order was entered.  Although it is

unclear what authority requires a bankruptcy order to include this language, the Bankruptcy Court

did so here, expressly stating its dismissal order that "[t]he Debtor and Palwinder Singh are advised

that they have 14 days to note an appeal of this Order by filing a Notice of Appeal with the Clerk

of the Bankruptcy Court."  Dkt. 8-1 at 145.  Moreover, Palsata Trust filed an appeal within the

required time limit, thereby curing the prejudicial effect of any error Palsata Trust ascribes to the

Bankruptcy Court's dismissal order.  *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding,

the court must disregard all errors and defects that do not affect any party's substantial rights.");

*see also* Fed. R. Bankr. P. 9005 (incorporating Fed. R. Civ. P. 61).[3]

Palsata Trust also objects to four exhibits in the record on appeal, arguing that these

materials should not be considered due to some sort of unstated omission by Appellee.  *See* Dkt.

10 at 1-2.  A review of the record reveals that each of these exhibits were included in record

designated on appeal.  *See* Dkt. 2-1.  To be sure, this Court's Bankruptcy Scheduling Order noted

that the record on appeal had been received.  *See* Dkt. 3.  Furthermore, under Federal Rule of

Bankruptcy Procedure 8006, the responsibility to designate items in the record on appeal lies with

Palsata Trust: "[T]he appellant shall file with the clerk and serve on the appellee a designation of

the items to be included in the record on appeal and a statement of the issues to be presented."  The

exhibits identified in Palsata Trust's objection are properly before this Court.

---

[3] Palsata Trust raises several additional points related to the appeal of an order lifting an automatic bankruptcy stay and allowing the secured creditor to proceed with its foreclosure action. Because these points are irrelevant to the Bankruptcy Court's order dismissing the chapter 7 petition at issue on this appeal, this Court declines to address them here.

In sum, upon review of the record, this Court finds no clear error in the Bankruptcy Court's factual findings. After conducting a *de novo* review of the Bankruptcy Court's legal conclusions, this Court finds no legal error. Finally, this Court finds that the Bankruptcy Court did not abuse its discretion in its disposition of the case, including the procedural complaints raised in this appeal.

## IV. CONCLUSION

For the reasons stated above, the Court upholds the Bankruptcy Court's dismissal order, and it is hereby ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record for all parties and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
March 30, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge

13